IN THE UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF FLORIDA

DANIEL SIDELL,

Plaintiff,

CASE NO.:

-vs-

CORDOBA & ASSOCIATES, P.A.
ATTORNEYS AT LAW,

Defendant.
_____/

FILED by ____ D.C.
FEB 27 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**13-CV-60469 Scola/Seltzer**

## COMPLAINT

Plaintiff, DANIEL SIDELL, by and through his undersigned counsel, sues the Defendant, CORDOBA & ASSOCIATES, P.A. ATTORNEYS AT LAW, and in support thereof respectfully alleges the following:

1.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332 and 15 U.S.C. § 1692K(d).

4.  Venue is proper in this District because the Defendant resides here and transacts business in Broward County, Florida.

## FACTUAL ALLEGATIONS

5.  Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

6. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

7. Defendant is a corporation and a citizen of the State of Florida with its principal place of business at 1551 Sawgrass Corporate Parkway, Suite 110, Sunrise, Broward County, Florida 33323.

8. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4). Defendant is attempting to collect on an American Express account of which Plaintiff has no knowledge as Plaintiff has never had an American Express account.

10. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number several times a week, from April, 2012 through December, 2012, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

11. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls). Each time Plaintiff answered his phone, after Defendant placed an autodialer call, and Plaintiff said hello there would be a 20 to 40 second pause and then the call would disconnect.

12. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

2

13. In approximately April, 2012, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (407) 451-3581, concerning a debt which Plaintiff had no knowledge of. Plaintiff is the regular user and carrier of the cellular telephone number, (407) 451-3581, and was the called party and recipient of Defendant's autodialer calls.

14. After receiving several of these autodialer calls from Defendant, in or about July, 2012, Plaintiff returned the call and was informed that the Defendant was attempting to collect an American Express credit card account. Plaintiff requested the calls stop, to be taken off the Defendant's call list, the Defendant's representative that he was not the person Defendant was attempting to contact,that he has never had an American Express Account, and did not owe the subject debt.

15. Despite informing Defendant that he was not the person Defendant was attempting to contact, tto stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued. Plaintiff in or about August of 2012, called Defendant again and asked to speak to a supervisor in an attempt to get Defendant's autodialer calls to stop. Plaintiff spoke to "Aida" at that time and notified her that he was not the person(s) Defendant was attempting to contact; however, "Aida" told Plaintiff that there was nothing he could do since no one at their company actually talked to him. The autodialer calls from Defendant continued approximately two to three times a week from April, 2012, until approximately December, 2012. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

16. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's

cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

17. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, well-beyond July, 2012, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

18. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individual, like Plaintifff, explaining to the Defendant that they are the wrong party, that they did not owe the debt in question, and advising Defendant to stop calling.

19. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list, or otherwise permit the cessation of calls to Plaintiff.

20. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the automated calls to stop.

21. Defendant has harassed and abused Plaintiff, in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to the Plaintiff.

22. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system prior to Defendant's placement of the calls.

23. Due to Defendant's constant calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

24.     Plaintiff incorporates Paragraphs one (1) through twenty-three (23).

25.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

26.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each autodialer call made to Plaintiff's cellular telephone after Plaintiff notified Defendant in July, 2012, that Defendant was calling the wrong number, that he did not owe the subject debt, and to stop calling Plaintiff.

27.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FDCPA)

28.     Plaintiff incorporates Paragraphs one (1) through twenty-three (23).

29.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

30.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

31.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff at the called number.

32.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which he does not owe.

33.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A), actual damages pursuant to 15 U.S.C. § 1692K(a)(1), costs, interest, attorney's fees pursuant to U.S.C. § 1692K(a)(3), and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0135534
MVitoria@forthepeople.com
Attorney for Plaintiff